IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-35 T
(Senior Judge Eric G. Bruggink)

RUSSIAN RECOVERY FUND LIMITED, by and through RUSSIAN RECOVERY ADVISORS, LLC, Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

STATUS REPORT

COMES NOW the defendant, the United States of America, and in accordance with the Court's order of May 26, 2006, provides the following status report regarding the decision of the Court of Appeals for the Federal Circuit in *AD Global Fund LLC v. United States*, No. 06-5046, 2007 WL 624366 (Fed. Cir., March 2, 2007). This case, as well as three other cases involving the Russian Recovery Fund Limited, were stayed by separate orders dated May 26, 2007, pending a decision by the Federal Circuit.[1]

The Federal Circuit issued its decision on March 2, 2007. The period for filing a motion for rehearing expired on April 16, 2007, without such a motion being filed. The deadline for

[1] The other Court of Federal Claims cases are docket Nos. 06-30 T, 06-31 T, and 06-36 T.

filing a petition for certiorari to the Supreme Court of the United States is 90 days after the March 2, 2007, decision, i.e. May 31, 2007.

The Federal Circuit affirmed the decision of the Court of Federal Claims reported at 67 Fed. Cl. 657 (2005), although on different grounds. The Federal Circuit held § 6229(a) of the Internal Revenue Code (IRC) creates "a minimum period during which the period for tax assessments for partnership items may not end." 2007 WL 624366*3. The court further held that "this minimum period may extend the regular statute of limitations in § 6501." *Id.* at *2.

In this action, the *AD Global* decision resolves in the government's favor the allegations of error with respect to the statute of limitations for assessments resulting from the FPAA determinations at issue. These allegations are set forth in paragraph No. 11 of the complaint. The period for assessments against particular partners resulting from the FPAA at issue did not expire three years after the partnership return was filed, the minimum period established by § 6229(a), as the plaintiff incorrectly alleged, but expired in accordance with the statutory period set forth in § 6501(a) for each partner assessed. The § 6501(a) period is the three-year period after the partner files his/her/its return.

The stay in this case was issued after the Answer was filed by the government and before the filing of the Joint Preliminary Status Report required by ¶ III of Appendix A, Rules of the United States Court of Federal Claims.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

April 19, 2006